UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| RONALD VALIER. | CIVIL ACTION NO. 6:17-cv-00528 |
| VERSUS | JUDGE DOHERTY |
| TOWN OF BALDWIN, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is a motion to dismiss (rec. doc. 8), filed by defendants the Town of Baldwin and Gerald Minor, former Chief of the Baldwin Police Department. The motion is unopposed. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons set out below, it is recommended that the defendants' motion to dismiss be granted and that the plaintiff's complaint be dismissed with prejudice.

## Background

According to the complaint, the plaintiff's daughter and Robert Hatcherson, Jr. ("Hatcherson") were previously in a relationship. On August 25, 2013, Hatcherson allegedly committed a battery upon the plaintiff's daughter. The next day, the plaintiff's daughter obtained a protective order against Hatcherson. During this time frame, the plaintiff witnessed Hatcherson and Hatcherson's brother break his

1

daughter's windshield and contacted the Baldwin Police Department. When the Baldwin Police Department did not arrest Hatcherson and Hatcherson's brother, the plaintiff was informed to contact the justice of the peace to obtain an arrest warrant.

On August 28, 2013, the plaintiff's daughter submitted to the Baldwin Police Department the arrest warrant she obtained from the justice of the peace and the arrest warrant she previously received as a result of the alleged battery. Later that same day, the plaintiff was shot by Hatcherson four times.

On April 11, 2017, the plaintiff filed a *pro se* complaint against the Town of Baldwin and Gerald Minor, the former Chief of the Baldwin Police Department, seeking damages under 42 U.S.C. § 1983. The defendants responded to the plaintiff's complaint by filing a motion to dismiss under 12(b)(6). The defendants contend that the plaintiff's complaint should be dismissed because it is untimely and it fails to state a cause of action under § 1983. The plaintiff filed a motion for extension of time to file a response to the defendants' motion to dismiss and was granted an extension. However, the extended deadline has expired and the plaintiff has not filed a response to the defendants' motion to dismiss.

## Law and Analysis

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1]

The defendants contend that the plaintiff's complaint is untimely and should be dismissed because it was filed well beyond the statute of limitations. The Fifth Circuit has held that "a statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[2]

The statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues.[3] Louisiana has a one-year liberative prescription period for all personal injury claims, including civil rights claims.[4] Although federal courts apply state prescriptive periods, federal law must be applied to determine when a civil rights action first accrues.[5] "A cause of action accrues, under federal law, when the plaintiff knows or has reason to

---

1.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

2.  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)

3.  *Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007)

4.  *Id*.

5.  *McGuire v. Larpenter*, 592 Fed. Appx. 272, (5th Cir. 2014) citing *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)

know of the injury which is the basis of the action."[6] "A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions."[7]

The plaintiff's complaint alleges that his claim arises from when he was shot multiple times by Hatcherson on August 28, 2013.[8] Therefore, the plaintiff's cause of action first accrued on August 28, 2013 and the one-year prescriptive period began to run. However, the plaintiff did not file his complaint until April 11, 2017. Therefore, the plaintiff's § 1983 claim is untimely and the action is barred. The Court will not address the defendants' other arguments presented in their motion to dismiss because the plaintiff's § 1983 claim against each named defendant arises from the same incident and is untimely.

## Conclusion

Based on the foregoing reasons, it is recommended that the defendants' motion to dismiss (rec. doc. 8) be **granted** and the plaintiff's complaint be **dismissed with prejudice**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b),

---

[6] *Rader v. Cowart*, 543 Fed. Appx. 358 (5th Cir. 2013) citing *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999)

[7] *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)

[8] Rec. Doc. 1, ¶ 3

4

parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 31st day of July 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE